UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CHAUNDRA A. JONES

CRIMINAL NO. 06-214-FJP-DLD
(CV 09-384-FJP-DLD)

### RULING ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

Chaundra Jones has submitted to the Court a hand written letter postmarked June 11, 2009,[1] in which the defendant requested that the Court reduce her 33 month prison sentence. In her letter the defendant claims that "when my uncle, Sam Baker and Mr. Henry came to speak with you after I was sentenced you stated that I would be able to serve 15 months and parole out." This Court has never met or discussed this case with defendant's uncle. The Court, as a policy to prevent such frivolous claims, not only does not have ex parte conferences such as that alleged here, but this Court also always has a court reporter present to transcribe conferences.

The record reveals that the defendant entered guilty pleas to one count of conspiracy to commit bank fraud and bribery, in violation of 18 U.S.C. § 371, and one count of bank fraud, in violation of 18 U.S.C. § 1344. The Court sentenced the defendant

---

[1] Rec. Doc. No. 17.

Doc#46306

to 33 months imprisonment, five years of supervised release following imprisonment, and ordered her to pay $434,485.68 in restitution to the victims and a special assessment of $200.00. Defendant's motion is denied for the following reasons.

The defendant knowingly, voluntarily, and intelligently, with the advice of counsel entered into a plea agreement in which she waived her right to file a motion under 28 U.S.C. § 2255. A prisoner seeking post conviction relief by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentenced imposed outside the statutory limits; or (3) an error of fact or law that was fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Not only does the defendant not allege any such grounds for relief, but the Court finds that there is no evidence in the record which would support her claims. The Court also finds in the alternative that even if the plea agreement did not bar the appeal and the defendant's claim constituted a proper ground for relief under section 2255, the defendant's motion should still be denied.

As noted above, defendant was carefully and meticulously advised of her rights at the time of the plea. The colloquy always requires the defendant, defendant's counsel, and the Assistant U.S. Attorney to acknowledge on the record that the Court has not

discussed or told the parties what the sentence will be. The defendant answers the questions under oath, and the attorneys answer as officers of the Court. The Court agrees with the following statement set forth in the government's response to this motion:[2] "The Court is well-known for its cautious approach to sentencing and desire to have relevant communication on the record. The defendant's story, which is at least a second-hand account, is completely contrary to how the Court handles itself and is not believable in the least."

The record also reveals the Court properly calculated the advisory guidelines and sentenced the defendant within the guideline range.

Therefore:

IT IS ORDERED that defendant's motion for relief under 28 U.S.C. § 2255 is denied.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, August 11, 2009.

                                                    _____
                                                    FRANK J. POLOZOLA
                                                    MIDDLE DISTRICT OF LOUISIANA

---

[2] Rec. Doc. No. 19.

Doc#46306                                           3